UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Jacob Lang,

                Plaintiff,

    -against-

Mercantile Adjustment Bureau, LLC

                Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Jacob Lang (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Mercantile Adjustment Bureau, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

1

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer". Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.

2. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

4. Plaintiff is a natural person and a resident of Kings County, New York.

5. At all relevant times herein, Plaintiff maintained his residence at 733 Eastern Parkway Brooklyn, New York 11213.

6. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New York and authorized to conduct business in the State of New York.

8. Upon further information and belief, Defendant engages in the business of collecting debts incurred, as well as debts alleged to be incurred.

9. Upon information and belief, Defendant maintains its principal place of business at 165 Lawrence Bell Drive, Buffalo, New York 14221.

10.     Upon information and belief and at all relevant times herein, Defendant is a debt collector as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

11.     Upon information and belief, on a website maintained by the Defendant at the URL address of www.mercantilesolutions.com, Defendant informs visitors to the site "At Mercantile, exceptional results are the starting point for receivables management services that create real value for your business" Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

12.     Upon information and belief, Defendant was attempting to collect a debt from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

13.     Upon information and belief, Defendant regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

14.     Upon information and belief, Defendant engaged in communications with Plaintiff, as that term is defined in 15 U.S.C. §1692a(2).

15.     Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## FACTUAL ALLEGATIONS

16.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17.     In or around October 2011, Plaintiff allegedly incurred a debt to National Grid-NY (hereinafter referred to as "Alleged Debt").

18. Upon information and belief, the nature of the Alleged Debt owed by Plaintiff arose out of a transaction in which the subject of the transaction was primarily for personal, family, or household purposes, and thus, the type of debt the FDCPA was designed to regulate.

19. Defendant commenced collection activities against Plaintiff to recover the Alleged Debt beginning in or around October 2011.

20. Defendant began reporting the Alleged Debt to at least two credit reporting agencies; TransUnion and Experian, on or about October 1, 2011.

21. On or about October 5, 2012, Plaintiff sent a dispute letter to Defendant, whereby he disputed the Alleged Debt and requested validation of the Alleged Debt. (See letter, attached hereto and incorporated herein by reference as "Exhibit A").

22. Defendant received the letter via certified mail on November 19, 2012.(See USPS receipt, attached hereto and incorporated herein by reference as "Exhibit B").

23. Defendant reported the Alleged Debt again to the aforementioned credit bureaus in or around January 2013.

24. Defendant willfully failed to update Plaintiff's credits report as disputed to reflect the accurate status of the debt (See credit reports, attached hereto and incorporated herein by reference as "Exhibit C" and "Exhibit D").

25. Defendant left its wrongful and incomplete information on the credit reports despite its knowledge of the dispute.

26. The wrongful information significantly harmed the Plaintiff and his credit reputation.

27. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

28. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. § 1692e**

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant violated 15 U.S.C. §1692e in that the Defendant used false, deceptive, and misleading representations and means in an attempt to collect the Alleged Debt from Plaintiff.

31. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. § 1692e(8)**

32. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant violated 15 U.S.C. §1692e(8) in that the Defendant failed to communicate with the credit bureaus that the Alleged Debt was disputed when it reported the Alleged Debt.

34. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(10)

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant violated 15 U.S.C. §1692e(10) in that the Defendant used false representations and deceptive means in attempt to collect the Alleged Debt from Plaintiff.

37. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

38. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in an attempt to collect the Alleged Debt.

40. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff Jacob Lang hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

    **WHEREFORE**, Plaintiff Jacob Lang demands judgment from Defendant Mercantile Adjustment Bureau, LLC as follows:

A.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.   For a declaration that Defendant's practices violated the FDCPA; and,

D.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        July 2, 2013

                              Respectfully submitted,

                              By:  _s/Fredrick Schulman_
                                    Fredrick Schulman, Esq.(FS2664)
                              Fredrick Schulman & Associates
                              Attorneys at Law
                              Attorney for Plaintiff
                              30 East 29TH Street
                              New York, New York 10016
                              (212) 796-6053
                                  info@fschulmanlaw.com